UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| ANDREW COLE ) | |
| ) | |
| Movant, ) | |
| ) | No. 16-1015-JDT-egb |
| VS. ) | Crim. No. 97-10036-JDT |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent, ) | |

ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255,
DENYING CERTIFICATE OF APPEALABILITY,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Before the Court is a motion pursuant to 28 U.S.C. § 2255 filed by the Movant, Andrew Cole. For the reasons stated below, the Court DENIES the § 2255 motion.

On August 18, 1997, a federal grand jury issued an indictment charging Cole with two counts of possessing a firearm after conviction of a felony, in violation of 18 U.S.C. § 922(g). Count one charged Cole with possessing a firearm on December 20, 1996, and count two charged him with possessing a different firearm on November 23, 1996. On March 26, 1998, Cole entered a guilty plea to count one. However, he went to trial on count two and was found guilty by a jury on April 8, 1998. At a hearing on June 18, 1998, Cole was sentenced to a 120-month term of imprisonment on count one and a consecutive

105-month sentence on count two, for an effective 225-month sentence.[1] The Sixth Circuit affirmed on direct appeal. *United States v. Cole*, No. 98-5925, 1999 WL 777312 (6th Cir. Sept. 23, 1999).

Cole filed a timely *pro se* motion pursuant to 28 U.S.C. § 2255 on June 5, 2000, which was granted as to count two on the ground that trial counsel was ineffective in failing to file a motion to suppress. *Cole v. United States*, No. 00-1166-JDT (W.D. Tenn. Dec. 14, 2000). In the re-opened criminal proceeding, the Court granted in part and denied in part Cole's motion to suppress. Cole then entered a conditional guilty plea to count two, reserving the right to appeal the Court's ruling on the motion to suppress. At the second sentencing hearing on May 2, 2001, the Court imposed a sentence of 81 months on count two. The Sixth Circuit again affirmed. *United States v. Cole*, 315 F.3d 633 (6th Cir. 2003).

Cole filed the present *pro se* § 2255 motion on January 25, 2016, arguing that he should be re-sentenced because he was sentenced under the mandatory sentencing guidelines prior to the decision in *United States v. Booker*, 543 U.S. 220 (2005), which made the guidelines advisory. (ECF No. 1.) Counsel then made an appearance on Cole's behalf and filed an amended § 2255 motion on June 24, 2016, raising a claim based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). (ECF No. 7-1.) Cole filed another *pro se* amendment to his § 2255 motion on February 21, 2017, arguing that a 2015 amendment to the U.S. Sentencing Guidelines, Amendment 795, should be applied to his case. (ECF

---

[1] Cole's original guideline range, for a total offense level of 29 and criminal history category VI, was 151-188 months. However, the Court departed upward four offense levels to an offense level of 33 and a sentencing range of 235-293 months.

No. 14-1.) In compliance with the Court's order, the United States filed a response to Cole's § 2255 motion on November 13, 2017. (ECF No. 22.) Cole did not file a reply.

Pursuant to 28 U.S.C. § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted).

After a § 2255 motion is filed, it is reviewed by the Court and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rule 4(b), Rules Governing § 2255 Proceedings (§ 2255 Rules). "If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." *Id.* The movant is entitled to reply to the Government's response. Rule 5(d), § 2255 Rules.

Twenty-eight U.S.C. § 2255(f) contains a one-year limitations period:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Cole's original *pro se* motion in this case claimed only that he should be re-sentenced under *United States v. Booker*, 543 U.S. 220 (2005). However, Cole's assertion of that issue can be deemed timely only if *Booker* involved a right that "has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . ." § 2255(f)(3). A new rule is "made retroactive to cases on collateral review" only if the Supreme Court holds it to be retroactive. *Tyler v. Cain*, 533 U.S. 656, 662 (2001). In *Humphress v. United States*, 398 F.3d 855, 863 (6th Cir. 2005), the Sixth Circuit held that the decision in *Booker* was not retroactive. Therefore, any issue raised by Cole that is based on the decision in *Booker* is untimely.

Cole also raises the issue of whether his sentence is unconstitutional under *Johnson v. United States*, 135 S. Ct. 2551 (2015), which was decided on June 26, 2015. The Supreme Court held the decision in *Johnson* is retroactive and thus applicable to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257 (2016).

In *Johnson*, the Supreme Court invalidated a portion of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). The ACCA requires a fifteen-year sentence for a felon who is convicted of unlawfully possessing a firearm in violation of 18 U.S.C. § 922(g) and

4

who has three prior convictions "for a violent felony or a serious drug offense, or both." *Id.* § 924(e)(1). A "violent felony" is defined in the ACCA as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another," (2) "is burglary, arson, or extortion, involves use of explosives," or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* § 924(e)(2)(B)(i)-(ii). The last part of that definition is commonly referred to as the "residual clause." In *Johnson* the Supreme Court held the ACCA's residual clause was unconstitutionally vague and that increasing a defendant's sentence under the clause was, therefore, a denial of due process. 135 S. Ct. at 2560-63.

The Supreme Court later held, in *Beckles v. United States*, 137 S. Ct. 886, 894 (2017), that the decision in *Johnson* does not apply to the identically-worded residual definition of "crime of violence" in the advisory Sentencing Guideline applicable to career offenders, U.S.S.G. § 4B1.2(a), because the advisory "Guidelines are not amenable to a vagueness challenge." 137 S. Ct. at 894. However, it is evident from the opinion in *Beckles* that the holding in that case did not address the pre-*Booker* mandatory Sentencing Guidelines. "The Court's adherence to the formalistic distinction between mandatory and advisory rules at least leaves open the question of whether defendants sentenced . . . before . . . *Booker* . . . may mount vagueness attacks on their sentences." *Id.* at 903 n.4 (Sotomayor, J., concurring in the judgment).

Cole was not sentenced under the ACCA. He also was not, technically, sentenced under the career offender Guideline. However, Cole's mandatory Guidelines sentence on

5

the count two felon-in-possession conviction was calculated pursuant to U.S.S.G. § 2K2.1, which required a base offense level of "24, if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 2K2.1(a)(2). The Commentary to § 2K2.1 provided that a crime of violence was "defined in § 4B1.2 . . . subsection (a)." § 2K1.2 cmt. n.5 (2000). The two prior convictions that were used to support Cole's base offense level of 24 were for aggravated assault and reckless endangerment. The reckless endangerment conviction qualifies as a crime of violence only under the residual definition in § 4B1.2(a)(2). Therefore, Cole contends that his pre-*Booker* 81-month sentence on count two is invalid under *Johnson*.

The Court presumes that Cole is asserting that his claim based on *Johnson* is timely under 28 U.S.C. § 2255(f)(3) because it was raised within one year of that decision. (*See* ECF No. 7.) However, in *Raybon v. United States*, 867 F.3d 625 (6th Cir. 2017), the Sixth Circuit held that a challenge to a mandatory Guideline sentence based on the residual clause of § 4B1.2(a)(2) was untimely even though it was filed within one year after the decision in *Johnson*:

> *Beckles* decided that *Johnson 2015* does *not* apply to the *advisory* sentencing guidelines. *See Beckles*, [137 S. Ct. at 894]. And whether it applies to the mandatory guidelines, which contain identical language as the ACCA provision at issue in *Johnson 2015*, is an open question. Justice Thomas, writing for the majority, explicitly and repeatedly stated that the Court was not addressing the pre-*Booker*, mandatory Guidelines scheme....
>
> . . . .

> Because it is an open question, it is *not* a "right" that "has been newly recognized by the Supreme Court" let alone one that was "made retroactively applicable to cases on collateral review." *See* § 2255(f)(3)....
>
> . . . .
>
> Stated differently, Raybon's untimely motion cannot be saved under § 2255(f)(3) because he "is asking for the recognition of a new right by this court—that individuals have a Constitutional right not to be sentenced . . . under the residual clause of the mandatory Sentencing Guidelines." *Mitchell [v. United States]*, No. 3:00-CR-00014, 2017 WL 2275092,] at *3.

867 F.3d at 630-31. *See also Robinson v. United States*, — F. App'x — , No. 16-3595, 2018 WL 4275233 (6th Cir. Sept. 7, 2018) (recognizing that *Raybon* is binding unless overruled by the Supreme Court or by an en banc decision of the Sixth Circuit).

Accordingly, Cole is not entitled to relief under *Johnson* because *Raybon* compels the conclusion that the claim is untimely.

With regard to Cole's additional *pro se* argument, contending that U.S.S.G. Amendment 795, effective November 1, 2015, should be applied to reduce his sentence, that argument is more appropriately construed as a motion under 18 U.S.C. § 3582(c)(2). Even if the Court were to do so, however, Cole is not entitled to relief. Section 3582(c)(2) authorizes a sentence reduction only if a "sentencing range has been lowered by the Sentencing Commission" and "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Sentencing Commission has determined that only those amendments specifically listed in U.S.S.G. § 1B1.10(c) are "consistent with applicable policy statements." Amendment 795 is not one of the enumerated Guideline amendments in § 1B1.10(c).

7

For the foregoing reasons, the Court concludes that Cole is not entitled to relief in this § 2255 proceeding. Therefore, the § 2255 motion is DENIED.

Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability (COA) "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b). No § 2255 movant may appeal without this certificate.

A COA may issue only if the movant has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue(s) which satisfy the required showing. 28 U.S.C. §§ 2253(c)(2)-(3). A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). A COA does not require a showing that the appeal will succeed. *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814-15 (6th Cir. 2011) (same). Courts should not issue a COA as a matter of course. *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005).

The issues raised in this § 2255 motion are not debatable for the reasons stated. Therefore, the Court DENIES a certificate of appealability.

In order to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the $505 appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, a movant must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *Kincade v. Sparkman*, 117 F.3d 949, 951-52 (6th Cir. 1997). Rule 24(a) provides that if the district court certifies an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the party must file his motion to proceed *in forma pauperis* in the appellate court instead of the district court. *See* Fed. R. App. P. 24(a)(4)-(5).

For the same reasons the Court denies a certificate of appealability, the Court also CERTIFIES, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter by Brooks would not be taken in good faith. Therefore, leave to appeal *in forma pauperis* is DENIED. Accordingly, if Cole files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                               s/ **James D. Todd**
                                               JAMES D. TODD
                                               UNITED STATES DISTRICT JUDGE